### 7308

### HAMLIN v. MOSELEY.

CHATTEL MORTGAGES—ANIMALS.—Where a chattel mortgage covers an animal and her increase any offspring of the animal passes under it. *Is this not true if the mortgage does not so provide?*

Before KLUGH, J., Greenwood, June, 1908.    Affirmed.

Action by A. B. Hamlin against J. E. Moseley in court of Magistrate T. J. Lyon. From Circuit order affirming judgment below, defendant appeals.

*Mr. D. M. Magill,* for appellant, cites: *Mortgage does not cover increase:* 1 Cobb. on Ch. Mtgs., sec. 369; sec. 3002, Code 1902; 69 S. C., 528.

*Mr. Wm. N. Graydon,* contra, cites: *Mortgage covers increase:* 6 Cyc., 1049; 171 U. S., 620.

October 7, 1909.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    In a mortgage executed by the defendant, J. E. Moseley, to the plaintiff, A. B. Hamlin, the description of the property written was—"one sorrel mare, named Nellie, about 8 years old, her increase;" and following this were the printed words, "and all future increase of live stock is included in this mortgage." When the mortgage fell due the mortgagee seized and, after due advertisement, sold the mare for twenty-five dollars, which was less than the mortgage debt. Hamlin, the mortgagee,

then brought this action, in a magistrate's court, to recover from the possession of the mortgagor a colt, alleged to be "the increase" of the mare. The magistrate heard the cause without a jury and rendered judgment in favor of the defendant, in these words:

"The Court rules that this mortgage does not cover the increase. For that reason renders judgment for the defendant."

The Circuit Court reversed the judgment, finding as a fact that the colt was the increase of the mare, and as a conclusion of law that the mortgage covered the increase. There is no ground for the position taken by the defendant, that the finding of fact was without support in the evidence. On the contrary, the plaintiff testified the mare was with foal when the mortgage was taken, and that he afterwards saw the colt. It is perfectly obvious the witness meant, by "the colt" he was referring to, the colt which was the increase of the mare, and which was involved in the litigation. There is as little doubt of the right of the plaintiff to seize the colt as the increase of the mare, embraced in the written description of the mortgaged property. It is said, in *Northwestern Bank* v. *Freeman,* 171 U. S., 620, 630, 43 L. Ed., 307: "Under the rule that the incident follows the principle, a mortgage of domestic animals covers the increase of such animals, though it is silent as to such increase." The numerous authorities to the same effect are collated in 109 Am. St. Rep., 523. It is not, however, necessary to go to that extent in this case, for the reason that the mortgage expressly covers the increase.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.